1  R. Joseph Trojan  CA Bar No. 137,067
trojan@trojanlawoffices.com
2  TROJAN LAW OFFICES
3  9250 Wilshire Blvd., Suite 325
Beverly Hills, CA  90212
4  Telephone:   310-777-8399
5  Facsimile:    310-777-8348

6  Attorneys for Plaintiff,
PHOENIX SOLUTIONS, INC.
7



FILED
CLERK, U.S. DISTRICT COURT

NOV - 6 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  PHOENIX SOLUTIONS, INC., a        CASE NO.
Maryland corporation,
12                                    CV09  08156 IPSG (JEMx)

13                  Plaintiff,
                                      COMPLAINT FOR DAMAGES AND
14        v.                          INJUNCTIVE RELIEF FOR
                                      INFRINGEMENT OF U.S. PATENT
15  WEST INTERACTIVE CORP., a         NOS. 6,665,640, 6,633,846, 7,277,854,
Delaware corporation,                 AND 7,555,431 UNDER 35 U.S.C. §
16                                    271
17                  Defendant.
18                                    DEMAND FOR JURY TRIAL
                                      PURSUANT TO F.R.C.P. 38 AND
19                                    THE SEVENTH AMENDMENT

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27

28  COMPLAINT                        -1-

Plaintiff, PHOENIX SOLUTIONS, INC. ("Plaintiff" or "Phoenix"), hereby complains against Defendant WEST INTERACTIVE CORP. (hereinafter "Defendant" or "West"), as follows:

1.     This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*

## I. THE PARTIES

2.     Plaintiff is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 11601 Wilshire Blvd, Suite 500, Brentwood, Los Angeles, CA 90025.

3.     Upon information and belief, West is a corporation organized and existing under the laws of the State of Delaware, which conducts business within the Central District of California and in which infringing acts have occurred.

## II. FACTUAL BACKGROUND

4.     Plaintiff is the owner by assignment of U.S. Patent Nos. 6,665,640, 6,633,846, 7,277,854 and 7,555,431 (hereinafter "Patents in Suit") directed to "speech recognition software".

5.     Plaintiff Phoenix developed the next generation of speech recognition systems that give users the ability to have a verbal conversation with a computer about a subject on which the computer has been programmed to process and generate intelligent responses.  One of the first applications of this new technology was its use in telephone customer service lines where the customer calls a computer and a "virtual customer service agent" answers the line and interacts with a caller using "natural speech" akin to a live person.

6.     Phoenix encompasses the life work of a pioneer in the field of computer-based speech recognition, Dr. Ian Bennett.  Originally from Jamaica, Dr. Bennett graduated with honors from the University of British Columbia and went on to receive his Master's and Doctorate degrees in electrical engineering from

COMPLAINT                                   -2-

Stanford University. While at Stanford, Dr. Bennett developed the first practical analog processor for speech compression. After graduation he held technical engineering positions with several high technology companies and contributed to device and product development. As a consultant to the Variable Speech Corp. of Tokyo, Japan, he contributed to the development of an analog speech compression VLSI speech processor used for audio compression in consumer speech recorders. In 1994, Dr. Bennett began the development of a natural language query system (NLQS). Subsequently, he founded Phoenix Solutions, where he guided the development of algorithms for statistics- and semantics-based signal processing of speech that allow a computer to take in natural speech questions and return answers that also sound like natural speech. Dr. Bennett developed various applications for his technology, including interactive conversational systems and interactive guides, intelligent tutoring systems and form-filling systems.

7. Plaintiff's natural language interactive voice response ("IVR") system is superior to conventional systems and methods of understanding and responding to user input because the caller can simply talk to the Plaintiff's system using natural language. In contrast, touch-tone IVR systems require the caller to select from a series of choices using a more limited telephone keypad. IVR touch tone systems are also less efficient since they require callers to listen to an entire menu of choices and wade through a series of menus before providing a response to the caller. Consumers hang up at a greater rate in frustration when they become lost in the maze of menus. Additionally, directed dialog speech recognition (where callers are prompted to speak certain words or phrases) suffers similar limitations as well, as the choices are limited and again callers are required to listen to and wade through entire menus of choices before a response is given. Finally, though live operators may be used to communicate with a user, such a method is much more expensive and less cost-efficient than maintaining Plaintiff's IVR system.

COMPLAINT                                        -3-

TROJAN LAW OFFICES
BEVERLY HILLS

8.    Upon information and belief, West Interactive Corp. designs, deploys, hosts, and maintains advanced speech recognition systems to address the customer service needs of its corporate clients. In essence, clients from across the United States outsource to West to provide speech recognition customer service. The speech recognition systems created by West for <u>at least some of</u> its clients employs a natural language interactive voice response ("IVR") system that includes the use of virtual agents. Upon information and belief, <u>according to their annual reports</u> West charges by the minute for use of its speech recognition systems servicing millions of callers across the United States, and as a result, West's receives <u>hundreds of millions</u> of dollars in revenue per year <u>from such services.</u>

9.    Upon information and belief, West builds and customizes IVR systems for each of West's corporate clients. West works with each client to determine the business needs of each client. Based on those needs, West is responsible for building a customized IVR system to receive calls for that client, including implementing the architecture of the system, implementing words and phrases to be recognized, implementing how calls will be routed, and implementing the types of responses that will be given to each caller.

10.    Upon information and belief, West is responsible for gathering data from sample calls to its clients, analyzing and tagging that data, developing interpretation grammars based on each client's business rules, and deploying the resultant IVR system onto a speech recognition platform created by West. Further upon information and belief, West is responsible for testing, maintaining, and improving the IVR system, as well tuning the grammars.

11.    Upon information and belief, due to the number and variety of West's clients, West's speech recognition platform is capable of providing different experiences/services for different callers, and utilizes multiple grammars, speech recognizers and natural languages to understand and accommodate the variety of

COMPLAINT                                    -4-

TROJAN LAW OFFICES
BEVERLY HILLS

callers across the United States. Further upon information and belief, West's IVR platform is distributed because West utilizes physically separate IVR components that are nevertheless interfaced with each other.

12. Upon information and belief, because of all of West's IVR systems run on the same general speech recognition platforms, all of West's IVR systems utilize the same general architecture, the same hardware, and the same speech recognition software. Upon information and belief, each of West's IVR systems uses a combination of telephony hardware and computer server hardware. Upon information and belief, such hardware uses supporting software that includes speech recognition and natural language engines used to understand the spoken questions from callers. Each of West's IVR systems use speech recognition engines to break down a caller's query into specific words understood by the IVR, and use natural language engines to understand the meaning of those specific words spoken by callers.

13. Upon information and belief, the speech recognition engines used by West are distributed, meaning (in this context) that some of the speech-processing operations for understanding callers are performed on a client computing system (such as telephony platform or other hardware) while other speech processing operations are performed on a separate server computing system.

14. Each of West's IVR systems utilize interactive virtual agents created by West to respond to the caller's inquiries in real-time by providing responses in natural speech. Due to the natural language engine developed and/or configured by West, callers may communicate with the virtual agent in a conversational style as if the caller was speaking to a real person. Upon information and belief, each virtual agent has been taught natural language dialogues based on information provided by West's clients and incorporated into the software by West. In this manner, the

TROJAN LAW OFFICES
BEVERLY HILLS

COMPLAINT                                    -5-

virtual agent can understand inquiries posed by customers of each client and give relevant responses.

15.     Based on determining the most likely meaning of the caller's specific question, the interactive virtual agent responds with a specific answer.  The answer may take the form of an audible response from the agent, or it may take the form of the IVR system routing the caller to a live person working within the appropriate department.  In all instances, West controls and implements what responses and actions each virtual agent takes based in part on content provided by their clients, and has configured certain aspects of such client computing system and/or server computing system to provide such desired responses or actions.

16.     Upon information and belief, the information used by West's IVR systems (including e.g., the grammar used, specific questions to which it can respond, the interpretation of questions, and the answers to be given to customers) were derived and created by West from collecting and studying data from actual calls made to West's clients.  Based on this data, Plaintiff believes that West has trained the IVR systems with the data, and as a result, the IVR systems are tailored to respond with appropriate answers to questions as required by West's clients.

17.     Upon information and belief, West's IVR systems are a combination of components, including at least some hardware, software and content which it obtained from third parties (third party components).  Nonetheless, and on information and belief, West is responsible for and has caused such third party components to be combined, adapted and configured in accordance with specific performance, content requirements and scenarios required by West.

18.     Consequently, and on further information and belief, the current structure and operation of West's IVR systems is a result of architecture, data collection/analysis, grammar development, and system testing, deployment, and tuning provided by West and configuration/modification of third party components

COMPLAINT                                    -6-

performed by West. Such third party components – as currently available from such third parties - by themselves would not be sufficient to implement West's IVR systems without West's contributions and actions.

19. On or about February 13, 2008, Plaintiff filed suit against The DirecTV Group, Inc. ("DirecTV") because the IVR system used by DirecTV infringed Phoenix's patents. On July 17, 2009, DirecTV argued at length that West is the entity responsible for the IVR system, not DirecTV. Thus, DirecTV asserted that because DirecTV is merely a client of West utilizing West's IVR system, responsibility for infringing Phoenix's patents rests on West.

## III. JURISDICTION AND VENUE

20. This Court has original subject matter jurisdiction over Plaintiff's patent infringement claim pursuant to 28 U.S.C. §1338(a).

21. This Court has personal jurisdiction over West because it conducts business in the State of California and within the Central District.

22. Venue properly lies in the Central District of California pursuant to 28 U.S.C. §1391 and §1400, because the acts complained of herein have been committed and are being committed in this Judicial District and West is subject to personal jurisdiction within the District and the plaintiff has its principal place of business within the Central District.

## IV. FIRST COUNT FOR INFRINGEMENT
## OF UNITED STATES PATENT NO. 6,665,640

23. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 22.

24. Plaintiff is the assignee of the U.S. Patent No. 6,665,640 ("the '640 Patent"), attached hereto as Exhibit 1, entitled "Interactive Speech Based Learning/Training System Formulating Search Queries Based on Natural Language

COMPLAINT                                    -7-

TROJAN LAW OFFICES
BEVERLY HILLS

1  Parsing of Recognized User Queries." Plaintiff owns and has standing and capacity
2  to sue and recover damages for infringement under the '640 Patent.

3      25.    West has violated Plaintiff's patent rights by operating (and/or
4  directing and causing third parties to operate) an IVR system covered by at least
5  one claim of the '640 Patent. West's infringing IVR system has not been
6  manufactured or authorized in any manner by the Plaintiff.

7      26.    As a legal consequence of West's infringement, Plaintiff is entitled to
8  compensation for no less than a reasonable royalty, as well as pre-judgment interest
9  and a preliminary and permanent injunction. In the event that the Court does not
10  exercise its equitable discretion to award a permanent injunction, then Plaintiff is
11  entitled to a judgment that includes a sum equal to the total projected value of a
12  compulsory license for the life of the patent at a royalty rate to be determined by a
13  jury, discounted to present value, to compensate Plaintiff for future infringement.

14      27.    The infringement of the '640 Patent has been willful in that West is
15  fully aware of Plaintiff's rights, yet has continued to use the infringing IVR system
16  in violation of the patent laws without a good faith basis for believing it does not
17  infringe or the patent is invalid. This intentional refusal to respect Plaintiff's patent
18  rights constitutes willful infringement under 35 U.S.C. §§ 284 and 285, thereby
19  entitling Plaintiff to treble damages and attorneys' fees.

20              **V.  SECOND COUNT FOR INFRINGEMENT OF**
21              **UNITED STATES PATENT NO. 6,633,846**

22      28.    Plaintiff hereby incorporates by reference the allegations contained in
23  paragraphs 1 through 22.

24      29.    Plaintiff is the assignee of the U.S. Patent No. 6,633,846 ("the '846
25  Patent"), attached hereto as Exhibit 2, entitled "Distributed Realtime Speech
26  Recognition System." Plaintiff owns and has standing and capacity to sue and
27  recover damages for infringement under the '846 Patent.

28  COMPLAINT                                          -8-

TROJAN LAW OFFICES
BEVERLY HILLS

30.   West has violated Plaintiff's patent rights by operating (and/or directing and causing third parties to operate) an IVR system covered by at least one claim of the '846 Patent. West's infringing IVR system has not been manufactured or authorized in any manner by the Plaintiff.

31.   As a legal consequence of West's infringement, Plaintiff is entitled to compensation for no less than a reasonable royalty, as well as pre-judgment interest and a preliminary and permanent injunction. In the event that the Court does not exercise its equitable discretion to award a permanent injunction, then Plaintiff is entitled to a judgment that includes a sum equal to the total projected value of a compulsory license for the life of the patent at a royalty rate to be determined by a jury, discounted to present value, to compensate Plaintiff for future infringement.

32.   The infringement of the '846 Patent has been willful in that West is fully aware of Plaintiff's rights, yet has continued to use the infringing IVR system in violation of the patent laws without a good faith basis for believing it does not infringe or the patent is invalid. This intentional refusal to respect Plaintiff's patent rights constitutes willful infringement under 35 U.S.C. §§ 284 and 285, thereby entitling Plaintiff to treble damages and attorneys' fees.

## VI. THIRD COUNT FOR INFRINGEMENT
## OF UNITED STATES PATENT NO. 7,277,854

33.   Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 22.

34.   Plaintiff is the assignee of the U.S. Patent No. 7,277,854 ("the '854 Patent"), attached hereto as Exhibit 3, entitled "Speech Recognition System Interactive Agent." Plaintiff owns and has standing and capacity to sue and recover damages for infringement under the '854 Patent.

35.   West has violated Plaintiff's patent rights by operating (and/or directing and causing third parties to operate) an IVR system covered by at least

COMPLAINT                                        -9-

1 one claim of the '854 Patent. West's infringing IVR system has not been

2 manufactured or authorized in any manner by the Plaintiff.

3     36.    As a legal consequence of West's infringement, Plaintiff is entitled to

4 compensation for no less than a reasonable royalty, as well as pre-judgment interest

5 and a preliminary and permanent injunction. In the event that the Court does not

6 exercise its equitable discretion to award a permanent injunction, then Plaintiff is

7 entitled to a judgment that includes a sum equal to the total projected value of a

8 compulsory license for the life of the patent at a royalty rate to be determined by a

9 jury, discounted to present value, to compensate Plaintiff for future infringement.

10     37.    The infringement of the '854 Patent has been willful in that West is

11 fully aware of Plaintiff's rights, yet has continued to use the infringing IVR system

12 in violation of the patent laws without a good faith basis for believing it does not

13 infringe or the patent is invalid. This intentional refusal to respect Plaintiff's patent

14 rights constitutes willful infringement under 35 U.S.C. §§ 284 and 285, thereby

15 entitling Plaintiff to treble damages and attorneys' fees.

### VII. FOURTH COUNT FOR INFRINGEMENT
### OF UNITED STATES PATENT NO. 7,555,431

18     38.    Plaintiff hereby incorporates by reference the allegations contained in

19 paragraphs 1 through 22.

20     39.    Plaintiff is the assignee of the U.S. Patent No. 7,555,431 ("the '431

21 Patent"), attached hereto as Exhibit 4, entitled "Method for Processing Using

22 Dynamic Grammars." Plaintiff owns and has standing and capacity to sue and

23 recover damages for infringement under the '431 Patent.

24     40.    West has violated Plaintiff's patent rights by operating (and/or

25 directing and causing third parties to operate) an IVR system covered by at least

26 one claim of the '431 Patent. West's infringing IVR system has not been

27 manufactured or authorized in any manner by the Plaintiff.

28 COMPLAINT     -10-

TROJAN LAW OFFICES
BEVERLY HILLS

41.   As a legal consequence of West's infringement, Plaintiff is entitled to compensation for no less than a reasonable royalty, as well as pre-judgment interest and a preliminary and permanent injunction.  In the event that the Court does not exercise its equitable discretion to award a permanent injunction, then Plaintiff is entitled to a judgment that includes a sum equal to the total projected value of a compulsory license for the life of the patent at a royalty rate to be determined by a jury, discounted to present value, to compensate Plaintiff for future infringement.

42.   The infringement of the '431 Patent has been willful in that West is fully aware of Plaintiff's rights, yet has continued to use the infringing IVR system in violation of the patent laws without a good faith basis for believing it does not infringe or the patent is invalid.  This intentional refusal to respect Plaintiff's patent rights constitutes willful infringement under 35 U.S.C. §§ 284 and 285, thereby entitling Plaintiff to treble damages and attorneys' fees.

## IX. DEMAND FOR JURY TRIAL

43.   Plaintiff hereby exercises its right to a jury trial under the Seventh Amendment to the United States Constitution, and pursuant to Fed. R. Civ. Proc., Rule 38, demands a jury trial in accordance therewith.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

a.   A preliminary injunction, barring West and all of its agents, officers, attorneys, successors, and assigns from manufacturing, importing or using any system (or components thereof) that infringes upon the '640, '846, '854, and the '431 Patents;

b.   A permanent injunction, barring West and all of its agents, officers, successors and assigns from manufacturing, importing or using any system (or components thereof) that infringes upon the '640, '846, '854, and the '431 Patents;

TROJAN LAW OFFICES
BEVERLY HILLS

COMPLAINT                                    -11-

1       c.     That West be required to account to Plaintiff for all savings and

2  revenues realized by West and any subsidiary and any partner company of West

3  from the use of IVR systems infringing the '640, '846, '854, and the '431 Patents;

4       d.     A judgment for compensatory damages of at least $25,000,000 for past

5  damages, as well as prejudgment interest, and a sum equal to a the total projected

6  value of a compulsory license for the life of the patents, discounted to present value

7  to compensate Plaintiff for future infringement in the event that a permanent

8  injunction is not awarded;

9       e.     Treble damages and attorneys' fees pursuant to 35 U.S.C. §§ 284 and

10  285 for willful infringement of the '640, '846, '854, and the '431 Patents by West;

11  and,

12       f.     Any and all other relief that the Court deems proper.

13

14                                  Respectfully submitted,

15                                  TROJAN LAW OFFICES

16                                  by

17

18  Dated: November 4, 2009

19                                  R. Joseph Trojan

20                                  Attorney for Plaintiff,
                                PHOENIX SOLUTIONS, INC.

21

22

23

24

25

26

27

28  **COMPLAINT**                         -12-

TROJAN LAW OFFICES
BEVERLY HILLS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHOENIX SOLUTIONS, INC., a Maryland corporation,<br><br>                                                PLAINTIFF(S)<br>                         v.<br>WEST INTERACTIVE CORP., a Delaware corporation,<br><br><br>                                                DEFENDANT(S). | CASE NUMBER<br><br>CV09 08156 PSG (JEMx)<br><br><br>**SUMMONS** |

TO:    THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
R. Joseph Trojan
_____ , whose address is:

TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212

an answer to the  ☒ complaint  ☐_____amended complaint  ☐ counterclaim  ☐ cross-claim
which is herewith served upon you within __20__ days after service of this Summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief
demanded in the complaint.

Clerk, U.S. District Court

Dated: _____NOV - 6 2009_____

By: _____CHRISTOPHER POWERS_____
            Deputy Clerk  **SEAL**

            *(Seal of the Court)*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV09- 8156 PSG (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

PHOENIX SOLUTIONS, INC., a Maryland corporation

**DEFENDANTS**
WEST INTERACTIVE CORP., a Delaware corporation

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Los Angeles County, California

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Tel. (310) 777-8399

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** 25 million plus

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
35 U.S.C. § 271
INFRINGEMENT OF U.S. PATENT NOS. 6,665,640, 6,633,846, 7,277,854, AND 7,555,431

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities /Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☒ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**TORTS**
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/ PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☒ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

CV09  08156

**FOR OFFICE USE ONLY:** Case Number: _____

CV-71 (07/05)

CIVIL COVER SHEET

Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case? ☐ No  ☑ Yes

If yes, list case number(s): CV08-984MRP(SSx)

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.   Arise from the same or closely related transactions, happenings, or events; or

☐ B.   Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.   For other reasons would entail substantial duplication of labor if heard by different judges; or

☑ D.   Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
   Los Angeles

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
   Nebraska

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
   Los Angeles

X. SIGNATURE OF ATTORNEY (OR PRO PER)                                                          Date ___11/4/09___

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |