1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10
11   PHOENIX SOLUTIONS, INC.,              CASE NO. CV09-08156 MRP (SSx)
12            Plaintiff,                    PROTECTIVE ORDER
13        v.
14   WEST INTERACTIVE CORP.,
15            Defendant.
16
17
18
19
20
21
22
23
24
25
26
27
28

- -

1

# **TABLE OF CONTENTS**

I.      Definitions ................................................................................. 1

II.     Scope ......................................................................................... 3

III.    Access to Designated Material .................................................. 4

IV.     Access By Outside Consultants ................................................ 8

V.      Production of ATTORNEYS' EYES ONLY – SOURCE CODE
        Material ................................................................................... 10

VI.     Prosecution Bar ...................................................................... 11

VII.    Use Of Designated Material ................................................... 11

VIII.   Procedure for Designating Materials ...................................... 14

IX.     No Waiver of Privilege ........................................................... 16

X.      Inadvertent Failure To Designate .......................................... 16

XI.     Filing Designated Material ..................................................... 17

XII.    Challenges to Confidentiality Designations ........................... 17

XIII.   Protected Material Subpoenaed or Ordered Produced In Other
        Litigation ................................................................................ 18

XIV.    Unauthorized Disclosure Of Designated Material .................. 19

XV.     Non-Party Use of this Protective Order .................................. 19

XVI.    Discovery from Outside Consultants ...................................... 20

XVII.   Communications between Party and Counsel of Record ......... 21

XVIII.  Duration ................................................................................. 21

XIX.    Final Disposition .................................................................... 22

XX.     Miscellaneous ........................................................................ 22

**[PROPOSED] PROTECTIVE ORDER**

## **PROTECTIVE ORDER**

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby **ORDERED THAT**:

I.    **Definitions**

1.    "Party": any party to this action or a subsidiary thereof, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.    "Material": all information, documents, testimony, and things produced, served or otherwise provided in this action by the Parties or by non-parties.

3.    "Designating Party": a Party or non-party that designates information, documents, or things for production in disclosures, or in responses to discovery as "CONFIDENTIAL", "OUTSIDE – ATTORNEYS' EYES ONLY", or "ATTORNEYS' EYES ONLY – SOURCE CODE."

4.    "CONFIDENTIAL" Material: information, documents, and things the Designating Party believes in good faith is not generally known to others, and which the Designating Party (i) would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law, or any other applicable privilege or right related to confidentiality or privacy.

5.    "OUTSIDE – ATTORNEYS' EYES ONLY" Material:  information, documents, and things the Designating Party believes in good faith is

not generally known to others, and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

6.    "ATTORNEYS' EYES ONLY – SOURCE CODE": source code, microcode, or other sensitive code (collectively, "SOURCE CODE") that the Designating Party believes in good faith is not generally known to others, and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law, or any other applicable privilege or right related to confidentiality or privacy.

7.    "Producing Party": a Party or non-party that produces Material in this action.

8.    "Receiving Party": a Party that receives Material from a Producing Party.

9.    "Designated Material": Material that is designated "CONFIDENTIAL", "OUTSIDE – ATTORNEYS' EYES ONLY", or "ATTORNEYS' EYES ONLY – SOURCE CODE" under this Order.

10.   "Counsel of Record": (i) outside counsel who appears on the pleadings as counsel for a Party, (ii) partners, principals, associates, and employees of such outside counsel to whom it is reasonably necessary

[PROPOSED] PROTECTIVE ORDER

to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters, and/or (iii) independent legal translators retained to translate in connection with this action, or independent shorthand reporters retained to record and transcribe testimony in connection with this action.

11. "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by Counsel of Record to serve as an expert witness, or as a consultant in this action, and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of a Party.

12. "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors who have been retained by Counsel of Record in this action.  This definition includes professional jury or trial consultants retained in connection with this litigation, and mock jurors retained by such a consultants to assist them in their work.  Professional vendors do not include consultants who fall within the definition of Outside Consultant.

## II.   Scope

13. The protections conferred by this Order cover not only Designated Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.  Nothing herein shall alter or change in any way

-3-

the discovery provisions of the Federal Rules of Civil Procedure, or the Court's deadlines provided in the Scheduling Order or any other Order. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition, or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, and the Court's deadlines provided in the Scheduling Order.

**III.   Access to Designated Material**

14.   **CONFIDENTIAL Material:** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, document or thing designated "CONFIDENTIAL" only to:

a)   Persons who appear on the face of Designated Material as an author, addressee or recipient thereof or the original source of the information contained therein, provided that the person authorized to view Designated Material under this sub-paragraph a) shall not retain or be given copies of any Designated Material;

b)   Counsel of Record;

c)   Employees of a Receiving Party who are responsible for providing oversight of or assistance in the litigation, who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A; however, as to Designated Material from third parties, absent a court order or agreement of the third party, Designated Material from third parties may not be disclosed to employees of a Receiving Party;

d)   Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the

-4-

1 "Acknowledgement and Agreement To Be Bound By Protective Order" attached
2 hereto as Exhibit A;

3       e)    Witnesses at deposition and/or trial, provided that such witnesses
4 may not retain copies of Designated Material unless permitted by other provisions of
5 this Order;

6       f)    The Court and its personnel;

7       g)    Any designated arbitrator or mediator who is assigned to hear
8 this matter, or who has been selected by the Parties, and his or her staff, who have
9 signed the "Acknowledgement and Agreement To Be Bound By Protective Order"
10 attached hereto as Exhibit A;

11       h)    Court reporters and videographers employed in connection with
12 this case; and

13       i)    Professional Vendors to whom disclosure is reasonably
14 necessary for this litigation, and a representative of which has signed the
15 "Acknowledgement and Agreement To Be Bound By Protective Order" attached
16 hereto as Exhibit A.

17     15.   **"OUTSIDE – ATTORNEYS' EYES ONLY" Material:** Unless
18           otherwise ordered by the Court or permitted in writing by the
19           Designating Party, a Receiving Party may disclose any information,
20           documents or things designated "OUTSIDE – ATTORNEYS' EYES
21           ONLY" only to the following, in addition to those identified in
22           Paragraphs 27 and 28 below regarding use of Designated Material at
23           depositions:

24       a)    Persons who appear on the face of Designated Material as an
25 author, addressee or recipient thereof or the original source of the information
26 contained therein, provided that the person authorized to view Designated Material
27 under this sub-paragraph a) shall not retain or be given copies of any Designated
28 Material;

b) Counsel of Record;

c) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

d) The Court and its personnel;

e) Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staffs, who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

f) Court reporters and videographers employed in connection with this case; and

g) Professional Vendors to whom disclosure is reasonably necessary for this litigation, and a representative of which has signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

16. **"ATTORNEYS' EYES ONLY – SOURCE CODE" Material:** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, documents or things designated "ATTORNEYS' EYES ONLY - SOURCE CODE" only to the following, in addition to those identified in Paragraphs 27 and 28 below regarding use of Designated Material at depositions:

a) Persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

b) Counsel of Record;

c) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the

"Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

         d)     The Court and its personnel;

         e)     Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staffs, who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

         f)     Court reporters and videographers employed in connection with this case; and

         g)     Professional Vendors to whom disclosure is reasonably necessary for this litigation, and a representative of which has signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

17.     Each person to whom Designated Material may be disclosed, and who is required to sign the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, shall do so, prior to the time such Designated Material is disclosed to him or her. Counsel for a Party who makes any disclosure of Designated Material shall retain each original executed certificate and, upon written request, shall provide copies to counsel to all other Parties at the termination of this action.

18.     At the request of the Designating Party, persons not permitted access to Designated Material under the terms of this Protective Order shall not be present at depositions while the Designating Party's Designated Material is discussed or otherwise disclosed. Pre-trial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated Material from disclosure to persons not authorized to have access to such Material. Any Party intending to

1    disclose or discuss Designated Material at pretrial or trial proceedings
2    must give advance notice to assure the implementation of the terms of
3    this Protective Order.

**IV.    Access By Outside Consultants**

19.   **Notice.**   If a Receiving Party wishes to disclose another Party's
Designated Material to any Outside Consultant, such Receiving Party
must provide notice to counsel for the Designating Party, which notice
shall include: (a) the individual's name and business title; (b) business
address; (c) business or profession; (d) the individual's CV; (e) any
previous or current relationship (personal or professional) with any of
the parties; (f) a list of other cases in which the individual has testified
(at trial or deposition) within the last seven years; (g) a signed copy of
the "Acknowledgement and Agreement To Be Bound By Protective
Order" attached as Exhibit A; and (h) a list of all non-confidential
employment or consultations the expert has had in the preceding four
years.    To the extent that there is a confidential employment or
consultation arrangement, the Receiving Party shall disclose, to the
extent possible without violating any confidentiality obligations, (i) the
industry in which the relationship(s) took place, (ii) the general
technology involved, (iii) the dates of the relationship(s), (iv) a
statement of whether the relationship(s) was with a competitor of any
other party, and (v) any non-confidential information available about
the relationship(s) that would describe or tend to describe the
circumstances of the relationship(s).   If any of the information in (i)
through (v) above cannot be disclosed because of confidentiality
obligations, the Receiving Party must identify which category or
categories of information is or are not being disclosed.   The original of
each such notice shall be maintained by counsel proposing the expert.

-8-

A party proposing such expert or consultant shall respond within three (3) Court days to any reasonable request for additional information regarding the employment or consulting relationships or other professional activities of the proposed expert or consultant.;

20. **Objections.** The Designating Party shall have five (5) business days from receipt of the notice specified in Paragraph 19 to object in writing to such disclosure (plus three (3) extra days if notice is given other than by hand delivery, e-mail transmission or facsimile transmission). Any such objection must set forth in detail the grounds on which it is based. After the expiration of the 5-day (plus 3-days, if appropriate) period, if no objection has been asserted, then Designated Material may be disclosed to the Outside Consultant pursuant to the terms of this Order. However, if the Designating Party objects within the 5-day (plus 3-days, if appropriate) period, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute or Court Order. In the event the Designating Party makes a timely objection, the parties shall promptly meet and confer to try to resolve the matter by agreement. If the parties cannot reach an agreement, the Objecting Party may, within three (3) business days following the meet and confer, file a motion for a protective order preventing disclosure of Designated Material to the Outside Consultant, or for other appropriate relief. If the objecting party fails to file a motion for protective order within the prescribed period, any objection to the Outside Consultant is waived, and Designated Material may thereafter be disclosed to such individual (upon signing the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A). If the Objecting party files a timely motion for a protective order, Designated Material shall not be

disclosed to the challenged individual until and unless a final ruling allowing such disclosure is made by this Court, or by the consent of the Objecting party, whichever occurs first.

**V.     Production of ATTORNEYS' EYES ONLY – SOURCE CODE Material**

21.     Unless otherwise agreed to in writing between the Producing Party and the Receiving Party, SOURCE CODE designated as "ATTORNEYS' EYES ONLY – SOURCE CODE" shall only be provided on stand-alone computers (that is, computers not connected to a network, Internet or a peripheral device) or hard drives and shall not be loaded on any computer connected to a network, Internet or peripheral device, and the computers and hard drives shall contain security software enabling only authorized users to access this material.  In addition to the SOURCE CODE, the stand-alone computers or hard drives shall contain the software used to develop the SOURCE CODE, if that software is possessed by the Producing Party and is not subject to restrictions regarding its use that would preclude the Producing Party from providing copies.  In the event of such restrictions, the parties shall meet and confer in good faith as to how to reasonably enable the Receiving Party to view the source code.

22.     The Producing Party will produce the relevant SOURCE CODE in its entirety (i.e., all code necessary for compilation) in computer searchable format pursuant to the provisions in Paragraph 21 above, but need not produce in executable format absent a specific request from the Receiving Party which a Receiving Party will only make when necessary.

23.     The Producing Party will allow printing of paper copies of specific portions of SOURCE CODE designated as "ATTORNEYS' EYES ONLY – SOURCE CODE."  The entire code or an unnecessarily large

portion of the code shall not be printed.  The party printing paper copies of any SOURCE CODE designated as "ATTORNEYS' EYES ONLY – SOURCE CODE" must always keep that SOURCE CODE at the office of the Receiving Party's Outside Counsel of Record, and in a secured container at the Receiving Party's Outside Counsel of Record when not in use.  Paper copies of SOURCE CODE designated as "ATTORNEYS' EYES ONLY – SOURCE CODE" shall include Bates number and confidentiality labels when printed.

**VI.   Prosecution Bar**

24.   Unless otherwise agreed to in writing between a Producing Party, any individual affiliated with the Receiving Party (including, but not limited to, experts, consultants, or in-house or outside counsel) who personally receives any material designated "CONFIDENTIAL," OUTSIDE ¬– ATTORNEYS' EYES ONLY," "ATTORNEYS' EYES ONLY – SOURCE CODE" by a Producing Party, and labeled as such by the Producing Party, shall not participate in or be responsible for the acquisition, preparation or prosecution of any patent, patent application, reexamination petition, or reissue application, or for drafting or revising patent claims, directed to speech recognition technology (including natural language recognition technology), from the time of receipt of such material through and including one (1) year following the first to occur of (i) the complete resolution of this case through entry of a final non-appealable judgment or order for which appeal has been exhausted or (ii) the complete settlement of all claims against all the Parties in this action.

**VII.   Use Of Designated Material**

25.   **Use Of Designated Material By Receiving Party.** Unless otherwise ordered by the Court, or agreed to in writing by the Parties, all

-11-

Designated Material, and all information derived therefrom, shall be used by the Receiving Party only for purposes of this litigation, and shall not be used in any other way, or for any other purpose. Information contained or reflected in Designated Materials shall not be disclosed in conversations, presentations by parties or counsel, in court or in other settings that might reveal Designated Material, except in accordance with the terms of this Order.

26. **Use Of Designated Material By Designating Party.** Nothing in this Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information, documents or things to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

27. **Use of Designated Material at Depositions.** Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial, and may testify concerning all Designated Material of which such person has prior knowledge, without in any way limiting the generality of the following:

a) A present director, officer, employee, designated Rule 30(6)(b) witness, and/or Outside Consultant of a Producing Party may be examined, and may testify concerning all Designated Material which has been produced by that party;

b) A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all Designated Material of which he or she has prior knowledge, including any Designated Material that refers to matters of which the witness has personal knowledge, which has been

-12-

produced by that Party and which pertains to the period or periods of his or her employment; and

        c)    Non-parties may be examined or testify concerning any document containing Designated Material of a Producing Party which appears on its face, or from other documents or testimony, to have been received from, or communicated to, the non-party as a result of any contact or relationship with the Producing Party, or a representative of such Producing Party. Any person other than the witness, his or her attorney(s), and any person qualified to receive Designated Material under this Order, shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to sign the "Acknowledgement and Agreement To Be Bound By Protective Order" attached as Exhibit A. In the event that such attorney declines to sign the "Acknowledgement and Agreement To Be Bound By Protective Order" prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such Designated Material.

28.    A witness who previously had access to a document designated "OUTSIDE – ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE," but who is not under a present non-disclosure agreement with the Producing Party that covers that document, may be shown the document if the witness is advised on the record of the existence of the Protective Order and that the protective order requires the parties to keep confidential any questions, testimony or documents that are designated as "CONFIDENTIAL", "OUTSIDE – ATTORNEYS' EYES ONLY", or "ATTORNEYS' EYES ONLY – SOURCE CODE". The witnesses may not copy, take notes on or retain

copies of any Designated Material used or reviewed at the deposition. The witness may not take out of the deposition room any exhibit that is marked "CONFIDENTIAL", "OUTSIDE – ATTORNEYS' EYES ONLY", or "ATTORNEYS' EYES ONLY – SOURCE CODE".  The Producing Party of any Designated Material used at the deposition may also require that the transcript and exhibits not be copied by the witness or his counsel, that no notes may be made of the transcript or the exhibits, and that the transcript and exhibits may only be reviewed by the witness in the offices of one of the counsel representing a party in this case (or another firm acting for one of the counsel representing a party in this case and under the supervision of one of the lawyers who is bound by the terms of this Order).  The restrictions in this paragraph apply only to a witness who is not subject to this Order.

## VIII. Procedure for Designating Materials

29. Subject to the limitations set forth in this Order, a Designating Party may: designate as "CONFIDENTIAL" information that the Designating Party believes, in good faith, meets the definition set forth in Paragraph 4 above; designate as "OUTSIDE – ATTORNEYS' EYES ONLY" information that it believes, in good faith, meets the definition set forth in Paragraph 5 above; designate as "ATTORNEYS' EYES ONLY – SOURCE CODE" information that it believes, in good faith, meets the definition set forth in Paragraph 6 above.

30. Except as provided above in Section V with respect to "ATTORNEYS' EYES ONLY – SOURCE CODE" Material, any material (including physical objects) made available for initial inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute "OUTSIDE – ATTORNEYS' EYES ONLY" information, and shall be subject to this

Order. Thereafter, the Producing Party shall have ten (10) calendar days from the inspection to review and designate the appropriate documents as "CONFIDENTIAL," or "OUTSIDE – ATTORNEYS' EYES ONLY."

31.     Except as otherwise provided in this Order or as otherwise stipulated or ordered, Material that qualifies for protection under this Order must be designated in accordance with this Section VIII before the material is disclosed or produced.

32.     Designation in conformity with this Order requires:

a)      For information in documentary form (apart from transcripts of depositions, or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" or "OUTSIDE – ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SOURCE CODE", on each page that contains Designated Material;

b)      For testimony given in deposition, or in other pretrial or trial proceedings, the Designating Party shall specify any portions of the testimony that it wishes to designate as "CONFIDENTIAL", "OUTSIDE – ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SOURCE CODE.".  In the case of depositions, the Designating Party may also designate any portion of a deposition transcript as "CONFIDENTIAL," "OUTSIDE – ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SOURCE CODE" by informing the reporter, and opposing Parties, in writing within thirty (30) calendar days of receipt of the deposition transcript of the designations to be applied. All deposition transcripts not marked at least "CONFIDENTIAL" during the deposition will nonetheless be treated as "CONFIDENTIAL" until the thirty (30) day period has expired. Transcript pages containing Designated Material must be separately bound by the court reporter, who must affix to the top of each such page the legend

**[PROPOSED] PROTECTIVE ORDER**

"CONFIDENTIAL", "OUTSIDE – ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SOURCE CODE"; and

   c)   For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL", "OUTSIDE – ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SOURCE CODE."

**IX.   No Waiver of Privilege**

33.   Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege, work product immunity, or any other applicable privilege or immunity, if, after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such documents as within the attorney-client privilege, work product immunity or any other applicable privilege or immunity, and requests in writing return of such documents to the Producing Party. Upon request by the Producing Party, the Receiving Party shall immediately retrieve and return all copies of such inadvertently produced document(s). Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege, work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

**X.   Inadvertent Failure To Designate**

34.   An inadvertent failure to designate qualified information, documents or things as "CONFIDENTIAL", "OUTSIDE – ATTORNEYS' EYES ONLY", or "ATTORNEYS' EYES ONLY – SOURCE CODE," does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon discovery of an

-16-

inadvertent failure to designate, a Producing Party may notify the Receiving Party in writing that the material is to be designated as "CONFIDENTIAL", "OUTSIDE – ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SOURCE CODE."  Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s). The Producing Party shall provide substitute copies of documents bearing the confidentiality designation.

**XI.   Filing Designated Material**

35.   Any document filed with the Court that reveals any Designated Material shall be done in accordance with Local Rule 79-5.1  In the event the court denies the request to file said Designated Material under seal, the parties shall continue to treat the Designated Material in all other respects as Designated Material governed under this Order.

**XII.   Challenges to Confidentiality Designations**

36.   The Parties will use reasonable care when designating documents or information as "CONFIDENTIAL", "OUTSIDE – ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SOURCE CODE." Nothing in this Order shall prevent a Receiving Party from contending that any or all documents or information designated as CONFIDENTIAL Material, OUTSIDE – ATTORNEYS' EYES ONLY Material or ATTORNEYS' EYES ONLY – SOURCE CODE Material have been improperly designated.  A Receiving Party may, at any time, request that the Producing Party cancel or modify the confidentiality designation with respect to any document or information contained therein.

**[PROPOSED] PROTECTIVE ORDER**

37.     A Party shall not be obligated to challenge the propriety of a "CONFIDENTIAL", "OUTSIDE – ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SOURCE CODE" designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall identify particularly the documents or information that the Receiving Party contends should be differently designated.  If such negotiation fails to resolve the dispute within five (5) days of receipt of the written notice, the procedure for obtaining a decision from the Court is that set forth in Local Rule 37.  If the parties wish to file a Joint Stipulation, required by Local Rule 37, under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request.  The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.  The information shall remain as designated until the Court has ruled upon the motion or the parties have agreed otherwise.  Any order requiring disclosure shall be drawn as narrowly as possible to protect the interests of all parties concerned.

## XIII. Protected Material Subpoenaed or Ordered Produced In Other Litigation

38.     If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this action as "CONFIDENTIAL", "OUTSIDE – ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SOURCE CODE", the Receiving Party must so notify the Designating Party, in writing (by fax and email) promptly, and in no event more than ten (10) calendar days after receiving the subpoena or order.  Such

-18-

notification must include a copy of the subpoena or order. The Receiving Party also must immediately inform, in writing, the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**XIV. Unauthorized Disclosure Of Designated Material**

39. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (c) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**XV. Non-Party Use of this Protective Order**

40. A non-party that produces Material voluntarily, or pursuant to a subpoena or a court order, may designate such Material in the same

-19-

1  manner, and shall receive the same level of protection under this
2  Protective Order, as any Party to this lawsuit.

3  41.  A non-party's use of this Protective Order to protect its
4       "CONFIDENTIAL" Material, "OUTSIDE – ATTORNEYS' EYES
5       ONLY" or "ATTORNEYS' EYES ONLY – SOURCE CODE" Material
6       does not entitle that non-party access to "CONFIDENTIAL" Material,
7       "OUTSIDE – ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES
8       ONLY – SOURCE CODE" Material produced by any Party in this
9       case.

10  **XVI.  Discovery from Outside Consultants**

11  42.  Testifying experts' draft reports, notes, and outlines of draft reports
12       shall not be subject to discovery in this case, nor shall any such drafts,
13       notes or outlines of draft reports that the testifying expert prepared in
14       other cases, be subject to discovery in this case; provided, however,
15       that the total number of hours billed by each expert and the total
16       compensation received by each expert for his or her work on this matter
17       are discoverable.

18  43.  Discovery of materials provided to testifying experts shall be limited to
19       those materials, facts, consulting expert opinions, and other matters
20       actually relied upon by the testifying expert in forming his or her final
21       report, trial or deposition testimony, or any opinion in this case. No
22       discovery can be taken from any consulting expert who does not testify,
23       except to the extent that consulting expert has provided information,
24       opinions or other materials to a testifying expert, who then relies upon
25       such information, opinions or other materials in forming his or her final
26       report, trial or deposition testimony or any opinion in this case.

27  44.  No conversations or communications between Counsel of Record, or
28       individuals acting on its behalf, and any testifying or consulting expert

will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, trial or deposition testimony in this case.

45.   Expert reports, a schedule showing each expert's billing rate, total number of hours billed on this matter and total billings (to be supplemented before trial), and any non-work product documents, materials or other information the experts relied on will be produced on the date expert disclosures are due.  To the extent any such documents and other information has been previously produced in the litigation, production of a schedule listing such documents and information by Bates number and other information sufficient to identify the document and its location is sufficient.

46.   Materials, communications and other information exempt from discovery under the foregoing Paragraphs shall be treated as attorney-work product for the purposes of this litigation and Protective Order.

## XVII. Communications between Party and Counsel of Record

47.   Privileged or protected communications or materials transmitted between a Party and its Counsel of Record subsequent to the initiation of this Case need not be recorded on the Party's privilege log in this Case except upon a showing of good cause by a Party, and upon an Order of this Court.

## XVIII.   Duration

48.   Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**XIX. Final Disposition**

49. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of this action, each Receiving Party must destroy or return all Designated Material to the Producing Party. As used in this Paragraph, "all Designated Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Designated Material. The Receiving Party must submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline. Notwithstanding this provision, Counsel of Record may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), transcripts of other proceedings (including exhibits), expert reports (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Material. Any such archival copies that contain or constitute Designated Material remain subject to this Protective Order as set forth in Section XVIII. (Duration), above.

**XX. Miscellaneous**

50. This Order is entered without prejudice to the right of any Party to apply to the Court at any time for modification of this Order, when convenience or necessity requires. Nothing in this Order abridges the right of any person to seek to assert other objections. No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on

1      any ground to the use in evidence of any of the material covered by this

2      Protective Order. The Court shall take appropriate measures to protect

3      Designated Material at trial and any hearing in this case.

4      51.    This Order shall not diminish any existing obligation or right with

5             respect to Designated Material, nor shall it prevent a disclosure to

6             which the Designating Party consents in writing before the disclosure

7             takes place.

8

9      IT IS SO ORDERED.

10

11   DATED:  February 11, 2010

12

13

14                                         Mariana R. Pfaelzer
                                           UNITED STATES DISTRICT JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              [PROPOSED] PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND
## BY PROTECTIVE ORDER

I, _____ [print or type full name], state:

1.    I reside at _____;

2.    My present employer is _____;

3.    My present occupation or job description is _____;

4.    I agree to keep confidential all information provided to me in the matter of *Phoenix Solutions, Inc. v. West Interactive Corp.*, Case No. CV09-08156 MRP (SSx) in the United States District Court for the Central District of California, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement.

5.    I have been informed of and have reviewed the Protective Order entered in this case, and I will not divulge any information, documents or things that are subject to the Protective Order except in accordance with the provisions of the Order;

6.    I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____


_____

[printed name]


_____

[signature]

-24-

[PROPOSED] PROTECTIVE ORDER