1  DURIE TANGRI LLP
   DARALYN J. DURIE (SBN 169825)
2  ddurie@durietangri.com
   RYAN M. KENT (SBN 220441)
3  rkent@durietangri.com
   SONALI D. MAITRA (SBN 254896)
4  smaitra@durietangri.com
   217 Leidesdorff Street
5  San Francisco, CA 94111-3007
   Telephone: 415-362-6666
6  Facsimile: 415-236-6300

7  Attorneys for Defendant and Counterclaim-Plaintiff
   WEST INTERACTIVE CORP.
8

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PHOENIX SOLUTIONS, INC., a Maryland corporation,<br><br>　　Plaintiff and Counterclaim-Defendant,<br><br>　　v.<br><br>WEST INTERACTIVE CORP., a Delaware corporation,<br><br>　　Defendant and Counterclaim-Plaintiff. | Case No. 2:09-cv-08156-MRP (SSx)<br><br>**REQUEST FOR JUDICAL NOTICE**<br><br>Date:　July 15, 2010<br>Time:　1:30 PM<br>Ctrm:　12<br>Judge: Hon. Mariana R. Pfaelzer |

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant West Interactive Corporation ("West") hereby respectfully requests that, in connection with its (1) Motion For Summary Judgment Of Invalidity Regarding The '854 Patent (Dkt. No. 35), (2) Motion For Summary Judgment Of Invalidity Regarding The '640 Patent (Dkt. No. 31) and (3) Motion For Summary Judgment Of Invalidity Regarding The '431 Patent (Dkt. No. 29), each filed and served on June 1, 2010, the Court take judicial notice of the fact that each of the documents identified below was published in a journal, conference proceeding or other periodicals as of the date of its publication.  West does not request this Court to take judicial notice that the facts reported in the documents are true, but rather that these documents were published in a periodical as of the date of publication. West makes this request solely to remove any doubt that the references cited and attached to the Declaration of Christopher Schmandt Regarding the MIT Galaxy System filed and served on June 1, 2010, Dkt. No. 40 ("Schmandt Declaration") were published in a periodical and to provide the relevant publication information for each such reference— including the author, article title, periodical title, and date of publication—to the extent that information was not apparent from the face of the document.

Under Rule 201(d) Courts shall take judicial notice of adjudicative facts if requested by a party and supplied with the necessary information.  "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Judicial notice may be taken at **any** stage of the proceeding (Fed. R. Evid. 201(f)) including after a party has filed its opening motion.

Each of the documents identified below is an article from a published periodical. The publication and contents of these documents are "not subject to reasonable dispute in that . . . [they are] capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Specifically, these

facts are easily verifiable by reviewing the documents and confirming sources and dates of the publications.

A court may take judicial notice of the existence of a body of scientific literature. *See Browning-Ferris Industries of South Jersey, Inc. v. Muszynski*, 899 F.2d 151, 161 (2d Cir. 1990), *overruled on other grounds*. In fact, many courts have taken judicial notice of the type of facts at issue in this request. *See, e.g., Moonrunners L.P. v. Time Warner, Inc.*, No. 2:05-cv-01361-GAF, 2005 U.S. Dist. LEXIS 41244, at *34 n.12 (C.D. Cal. June 17, 2005) ("The court may take judicial notice of the fact that an article was published in a newspaper or periodical"); *Heliotrope General, Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n. 18 (9th Cir. 1999) ("We take judicial notice that the market was aware of the information contained in news articles submitted by the defendants"); *Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 401 n. 15 (3d Cir. 2006) (holding that district court did not err in taking judicial notice of newspaper articles because "[t]hey serve only to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true"); *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 289 F. Supp. 2d 416, 425 n.15 (S.D.N.Y. 2003) ("The Court may take judicial notice of newspaper articles for the fact of their publication without transforming the motion into one for summary judgment"); *In re Sterling Foster & Co., Sec. Litig.*, 222 F. Supp. 2d 312, 321 (E.D.N.Y. 2002) (taking judicial notice of newspaper articles to show media attention to defendant's alleged conduct), *vacated and remanded on other grounds by Levitt v. Bear Stearns & Co., Inc.*, 340 F.3d 94 (2d Cir. 2003); *Schwenk v. Kavanaugh*, 4 F. Supp. 2d 116, 118 (N.D.N.Y. 1998) (taking judicial notice of the fact that a particular article appeared on the front page of the New York Law Journal); *Cerasani v. Sony Corp.*, 991 F. Supp. 343, 354 n.3 (S.D.N.Y. 1998) (taking judicial notice of the widespread newspaper coverage of the trial); *Cosmas v. Merrill Lynch & Co.*, 92-cv-06560-KC, 1993 U.S. Dist. LEXIS 21323, at *4 n.2, 1993 WL 800778, at *2 n.2 (S.D.N.Y. Jul. 1, 1993) (taking judicial notice of the fact that stock prices were listed in

the Wall Street Journal); *Show-World Center, Inc. v. Walsh*, 438 F. Supp. 642, 655 (S.D.N.Y. 1977) (taking judicial notice of widespread publicity via newspaper and television news).

Therefore, West respectfully requests this Court to take judicial notice that each of the following documents was published in a periodical as of the date of publication:

1. Victor W. Zue, "Conversational Interfaces: Advances and Challenges," *Proceedings Eurospeech,* Rhodes, Greece, KN09-KN18 (1997), attached to the Schmandt Declaration as Exhibit B.

2. David Goddeau et al., "GALAXY: A Human-Language Interface to On-Line Travel Information," *Proceedings ICSLP*, Yokohama, Japan, 707-710 (1994), attached to the Schmandt Declaration as Exhibit C.

3. Helen Meng et al., "WHEELS: A Conversational System in the Automobile Classifieds Domain," *Proceedings ICSLP*, Philadelphia, PA, 542-545 (1996), attached to the Schmandt Declaration as Exhibit D.

4. Stephanie Seneff and Joseph Polifroni, "A New Restaurant Guide Conversational System: Issues in Rapid Prototyping for Specialized Domains," *Proceedings ICSLP*, Philadelphia, PA, 665-668 (1996), attached to the Schmandt Declaration as Exhibit E.

5. Chao Wang, *Porting the Galaxy System to Mandarin Chinese*, Massachusetts Institute of Technology, Dept. of Electrical Eng'g and Computer Science (1997), attached to the Schmandt Declaration as Exhibit F.

6. Steven C. Lee and James R. Glass, "Real-time Probabilistic Segmentation for Segment-Based Speech Recognition," *Proceedings ICSLP*, Sydney, Australia, 1803-1806 (1998), attached to the Schmandt Declaration as Exhibit G.

7. Victor Zue, "Towards Systems That Understand Spoken Language," *IEEE Intelligent Systems*, vol. 9, no. 1, 51-59 (Feb. 1994), attached to the Schmandt Declaration as Exhibit H.

8. Stephanie Seneff, "TINA: A Natural Language System for Spoken Language Applications," *Computational Linguistics*, vol. 18, no. 1, 61-86 (March 1992), cited at ¶ 2 of the Schmandt Declaration.

9. David Goodine et al., "Full integration of speech and language understanding in the MIT spoken language system," *Proceedings Eurospeech*, Genova, Italy, 845-848, (1991), cited at ¶ 2 of the Schmandt Declaration.

Dated: June 16, 2010                                Respectfully submitted,


                                        By:  /s/ Ryan M. Kent
                                                      Ryan M. Kent

                                        Attorneys for Defendant and Counterclaim
                                        Plaintiff WEST INTERACTIVE CORP.